```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```
MARTHA HERBERT,

                                                              **ORDER**

                      Plaintiff,                        **13-CV-322 (NGG) (RER)**

          -against-

HSBC MORTGAGE SERVICES, MERSCORP
HOLDINGS INC., and DEUTSCHE NATIONAL
TRUST COMPANY,

                      Defendants.
```
-----------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

On January 18, 2013, Plaintiff Martha Herbert ("Plaintiff" or "Herbert") initiated this action against Defendants HSBC Mortgage Services ("HSBC"), MERSCORP Holdings Inc. f/k/a MERS/Mortgage Electronic Registration Systems ("MERS"), and Deutsche National Trust Company ("Deutsche", and collectively, "Defendants"). (Compl. (Dkt. 1).) The Complaint alleges a violation of the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1962, 1964(c), as well as a cause of action to quiet title on real property that Plaintiff purchased in March 2005, which was located at 132-39 58th Street in Jamaica, Queens. (Id.)

I.     **DEFENDANTS MERS AND DEUTSCHE**

On June 18, 2013, Defendants MERS and Deustche (the "Moving Defendants") filed a motion to dismiss to the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 9.) Plaintiff did not serve a response to the motion in accordance with the briefing schedule set by the court. (See Apr. 3, 2013, Order (Dkt. 8).) Plaintiff instead filed a Request for Certificate of Default on July 9, 2013, alleging, among other things, that the Moving Defendants had not served her with a copy of their motion to dismiss. (Req. for Cert. of Default (Dkt. 11).) Rather

1

than issue the Certificate of Default, the court extended Plaintiff's time to respond and cautioned her that the Moving Defendants' motion would be deemed unopposed if she again failed to serve a timely response. (Sept. 30, 2013, Order (Dkt. 13).) Plaintiff again failed to respond to the motion, and, on November 21, 2013, the Moving Defendants docketed their unopposed motion. (Mot. to Dismiss (Dkt. 14).) The court referred the motion to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) on April 14, 2014. (Dkt. 16.)

On June 30, 2014, Judge Reyes issued an R&R recommending that the court grant the Moving Defendants' motion to dismiss. (R&R (Dkt. 17).) With regard to Plaintiff's civil RICO claim, Judge Reyes found that the Complaint does not allege two or more predicate acts of mail and/or wire fraud with requisite particularity to survive a Rule 12(b)(6) motion. (Id. at 6-11.) He further concluded that Plaintiff has not plausibly alleged any injury caused by Defendants' alleged RICO violation. (Id. at 11-15.) Plaintiff's quiet title claim similarly was found to be inadequately alleged under both the common law or New York's Real Property Actions and Proceedings Law. (Id. at 15-18.) Because Plaintiff has not alleged any injury proximately caused by Defendants RICO activity and because her quiet title claims are substantively inadequate, Judge Reyes recommended that they be dismissed with prejudice. (Id. 18-20.)

No party has objected to Judge Reyes's R&R, and the time to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Finding no clear error, the court ADOPTS the R&R in part,[1] see Porter v.

---

[1] The court adopts the R&R only with respect to the Moving Defendants as HSBC has not appeared in this action and thus did not join in the instant motion.

2

Potter, 219 F. App'x 112 (2d Cir. 2007), and Plaintiff's claims against Deutsche and MERS are therefore DISMISSED with prejudice.

## II. DEFENDANT HSBC

Even though this action was commenced on January 13, 2013, no proof of service has been filed with respect to Defendant HSBC and that Defendant has not filed an answer or sought to move to dismiss the Complaint. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the court.").

In the interest of resolving the remainder of this case on the merits, the court hereby ORDERS that Plaintiff shall file proof that Defendant HSBC was properly served with a summons and copy of the Complaint in this matter within the period prescribed by Rule 4(m) no later than sixty (60) days after entry of this Order. Failure to file proof of service by this date will result in dismissal of this action without prejudice for failure to effectuate timely service of process.

## III. CONCLUSION

For the reasons set forth above, the R&R is ADOPTED IN PART and Plaintiff's claims against Defendant Deutsche and MERS are DISMISSED with prejudice. Plaintiff is ORDERED to file proof of timely service of process on Defendant HSBC within sixty (60) days of this Order.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
July 28, 2014

NICHOLAS G. GARAUFIS  
United States District Judge

3